IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**IRICA OGBU**                                                                                            **PLAINTIFF**

vs.                                     No. 5:19-cv-1305

**ABILITY HOMECARE, INC., and**                                     **DEFENDANTS**
**PAMELA GOBLE**

## ORIGINAL COMPLAINT

COMES NOW Irica Ogbu ("Plaintiff"), by and through her attorneys Merideth McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendants Ability Homecare, Inc., and Pamela Goble (collectively "Defendants"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee, as a result of Defendants' policy and practice of failing to pay Plaintiff proper overtime compensation under the FLSA within the applicable statutory limitations period.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

Page 1 of 6
Irica Ogbu vs. Ability Homecare, Inc.
U.S.D.C. (W.D. Tex.) No. 5:19-cv-1305
Original Complaint

4. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

5. Plaintiff is an individual and resident of Bexar County.

6. Defendant Ability Homecare, Inc., is a domestic for-profit corporation.

7. Defendant Ability Homecare, Inc.'s principal place of business is 10609 IH-10 West, Suite 201, San Antonio, Texas 78230.

8. The registered agent of Defendant Ability Homecare, Inc., is Pamela P. Goble, 10609 IH-10 West, Suite 201, San Antonio, Texas 78230.

9. Defendants maintain a website at: https://abilitypediatrichomecare.com/.

10. Defendants provide a several types of health services, including private duty nursing, for patients in home or school with a variety of special needs.

11. Upon information and belief, Defendant Pamela Goble is an individual and resident of Bexar County.

12. Defendant Pamela Goble is the president and director of Ability Homecare, Inc.

13. Defendant Pamela Goble supervised employees of Ability Homecare, Inc., including Plaintiff, and made decisions regarding their rate of pay and hours worked.

### IV.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. To support their private duty nursing business, Defendants hired Plaintiff as an hourly-paid private duty nurse, specifically an LVN.

16. Plaintiff's duties are to provide medical treatment for various patients of Defendants in the patients' home or school.

17. At all relevant times, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical equipment.

18. Upon reasonable information and belief, for each of the three calendar years preceding the filing of the Original Complaint in this case, Defendant Ability Homecare Inc.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

19. Plaintiff was an employee of Defendants as defined by the FLSA from around May of 2019 until present.

20. At all relevant times, Defendants were Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA.

21. Defendants directly hired Plaintiff, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

22. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

23. As a private duty nurse for Defendants, Plaintiff regularly worked more than forty hours per week.

24. Despite working more than forty hours per week on a regular basis, Plaintiff was only paid for some of the overtime hours she worked each week.

25. Plaintiff was not paid for some hours she worked during which she was not engaged in direct patient care, including time spent traveling from one client location to another client location, and time spent finishing patient charts at home.

26. Because Plaintiff was not paid anything for some hours worked, Defendants did not pay Plaintiff one and one-half times her regular hourly rate for all hours worked over forty per week.

27. Defendants knew or showed reckless disregard for whether the way they paid, and failed to pay, Plaintiff violated the FLSA.

## V.   VIOLATION OF THE FLSA

28. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

30. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

31. Defendants violated the FLSA by not paying Plaintiff one and one-half times her regular rate for all hours worked over forty in a given workweek.

32. Despite the entitlement of Plaintiff to overtime payments at the lawful rate of one and one-half times her regular hourly rate for all hours worked in excess of forty in each workweek, Defendants failed to pay Plaintiff a lawful overtime rate and did not pay Plaintiff for all hours worked.

33. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

34. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Irica Ogbu respectfully prays that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and its relating regulations;

C. Judgment for damages for all unpaid overtime compensation under the FLSA and its relating regulations;

D. Judgment for liquidated damages pursuant to the FLSA and its relating regulations;

E.   An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF IRICA OGBU**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com
